EXHIBIT
A

DATE FILED: November 14, 2019 2:08 PM
FILING ID: DC26715C3BA42
CASE NUMBER: 2019CV34362

| | |
|---|---|
| **DISTRICT COURT, DENVER COUNTY, STATE OF COLORADO**<br>1437 Bannock Street<br>Denver, CO 80202 | |
| Plaintiff:  **STASIA VINNEDGE**<br><br>v.<br><br>Defendant:  **AUTO-OWNERS INSURANCE COMPANY** | ▲ COURT USE ONLY ▲<br>_____ |
| *Attorneys for Plaintiff:*<br>David A. Klibaner, No. 13635<br>Pamela K. Pritzel, No. 12008<br>KLIBANER LAW FIRM, PC<br>899 Logan Street, Suite 200<br>Denver, CO 80203<br>Phone: (303) 863-1445<br>Fax: (303) 863-8838<br>david@dklawfirm.com | Case Number:<br><br>Division: |
| **COMPLAINT AND JURY DEMAND** | |

Plaintiff, Stasia Vinnedge, through her attorneys, Klibaner Law Firm, PC, for her Complaint, states and alleges as follows:

## GENERAL ALLEGATIONS

1. Plaintiff, Stasia W. Vinnedge is a resident of Boulder County, Colorado.

2. Defendant, Auto-Owners Insurance Company ("Auto-Owners"), is an insurance company doing business in the state of Colorado with its principal place of business in Michigan. Defendant is a non-resident of the state of Colorado.

3. Venue is proper in this Court pursuant to C.R.C.P. 98(c)(1).

4. On or about, December 20, 2013, Stasia W. Vinnedge was driving a 2002 Mercury Sable at the intersection of North Colorado Boulevard and East 3rd Avenue, Denver, Colorado.

5. On or about, December 20, 2013, Anna J. White was northbound on Colorado Boulevard and turned left in front of the Plaintiff, who was southbound on Colorado Boulevard. Ms. White unlawfully and negligently took the right of way from Plaintiff, causing a collision.

6. Plaintiff suffered injuries and damages as a result of this collision.

7. At all times, Plaintiff acted in a lawful and careful manner. This collision was caused solely by the negligence and negligence per se of Ms. White.

8. Auto-Owners has no facts to support Ms. Vinnedge drove negligently and contributed to the car crash happening.

9. Auto-Owners does not believe Ms. Vinnedge drove negligently and contributed to the car crash happening.

10. Auto-Owners does not believe that Ms. Vinnedge did anything improper to cause the collision to happen.

11. As a direct and approximate result of Ms. White's negligence, Ms. Vinnedge sustained severe and permanently disabling bodily injuries.

12. As a direct result of the automobile crash caused by the negligence of Ms. White, Ms. Vinnedge has incurred medical bills for treatment in excess of $195,000 and will continue to incur substantial additional medical bills in the future.

13. Ms. Vinnedge has provided support that her future medical bills for treatment related to the car crash will likely exceed $500,000.

14. As a direct result of Ms. Vinnedge's injuries caused negligently by another driver, Ms. White, Ms. Vinnedge has sustained a loss of earning capacity, physical impairment, mental and physical pain and suffering, emotional distress, and loss of enjoyment of life.

15. Ms. White's insurance carrier paid its policy limits of $100,000 with the permission of Defendant Auto-Owners.

16. The owner of the car Ms. Vinnedge was driving had underinsured motorist limits of $500,000 and was insured by Defendant Auto-Owners.

17. Auto-Owners agrees that Ms. Vinnedge has underinsured coverage in the amount of $500,000.

18. Ms. Vinnedge obtained the consent of Auto-Owners to settle her claims with Ms. White and Ms. Vinnedge has fulfilled all other obligations of her insurance contract with Auto-Owners.

19. Ms. Vinnedge, through undersigned counsel, has requested Auto-Owners evaluate Ms. Vinnedge's claim for underinsured motorist ("UIM") benefits.

20. To date, Auto-Owners has not paid Ms. Vinnedge any UIM benefits under the Auto-Owners providing UIM coverage to Ms. Vinnedge.

21. Auto-Owners has not provided Ms. Vinnedge with the basis of any evaluation of Ms. Vinnedge's impairment of earning capacity, assuming Auto-Owners made such an evaluation.

22. Auto-Owners has not provided Ms. Vinnedge with the basis of any evaluation of Ms. Vinnedge's impairment of earning capacity, assuming Auto-Owners made such an evaluation.

23. Auto-Owners has not provided Ms. Vinnedge with the basis of any evaluation of Ms. Vinnedge's non-economic losses.

24. Auto-Owners has not provided Ms. Vinnedge with the basis of any evaluation of Ms. Vinnedge's losses for physical impairment from her injuries assuming Auto-Owners made such an evaluation.

25. Auto-Owners has not evaluated Ms. Vinnedge's losses for physical impairment from her injuries assuming Auto-Owners made such an evaluation.

26. Ms. Vinnedge has provided medical records from treating doctors supporting Ms. Vinnedge has sustained a permanent injury.

27. Ms. Vinnedge has provided expert disclosures setting out the opinions of treating doctors and retained experts to support that Ms. Vinnedge has sustained serious and permanent injuries from the automobile crash and that her ability to earn a living has been permanently impaired.

28. Auto-Owners has not told Ms. Vinnedge Auto-Owners believes Ms. Vinnedge has ever failed to fully cooperate with Auto-Owners during its evaluation of Ms. Vinnedge's claim for UIM benefits.

**PLAINTIFF'S FIRST CLAIM FOR RELIEF**
**(BREACH OF CONTRACT)**

29. Ms. Vinnedge incorporates all previous allegations.

30. Ms. Vinnedge has complied with all conditions precedent to coverage under the insurance policy issued by Auto-Owners to Ms. Vinnedge.

31. If Auto-Owners contends Ms. Vinnedge failed to comply with any of her contractual obligations, Auto-Owners has not been prejudiced by the alleged failure to comply.

32. To the extent that Ms. Vinnedge has failed to comply with any of her contractual obligations, Auto-Owners may not rely on this failure to comply because it breached one or more material obligations under the policy prior to any alleged failure by Ms. Vinnedge to comply.

33. Auto-Owners contracted with Ms. Vinnedge to provide UIM benefits.

34. Ms. Vinnedge submitted a claim for UIM benefits for injuries and losses arising from a motor vehicle collision on December 20, 2013.

35. Ms. Vinnedge has cooperated with Auto-Owners in its investigation of her claim for UIM benefits.

36. Auto-Owners has breached its contract with Ms. Vinnedge by denying Ms. Vinnedge UIM benefits under the policy.

37. Auto-Owners has refused to honor the terms and conditions of the insurance contract and has breached the contract by failing to pay Ms. Vinnedge UIM benefits in the amount of $500,000 to which she is entitled.

## **PLAINTIFF'S SECOND CLAIM FOR RELIEF**
### **(STATUTORY CLAIM)**

38. Plaintiff incorporates all previous allegations.

39. Auto-Owners owes Ms. Vinnedge a duty of good faith and fair dealing.

40. Auto-Owners owes Ms. Vinnedge a duty to comply with Colorado statutes.

41. Auto-Owners owes Ms. Vinnedge a duty to obey C.R.S. § 10-3-1104(1)(h).

42. Auto-Owners owes Ms. Vinnedge a duty to investigate her claim.

43. Auto-Owners owes Ms. Vinnedge a duty to communicate with Ms. Vinnedge to explain to Ms. Vinnedge all reasons why Auto-Owners has not paid Ms. Vinnedge any UIM benefits.

44. Auto-Owners owes Ms. Vinnedge a duty not to unreasonably deny or delay paying her covered claim. Auto-Owners has breached its by not paying Ms. Vinnedge's claim.

45. Auto-Owners is refusing to pay Ms. Vinnedge's claim without a reasonable basis entitling Ms. Vinnedge to remedies provided by C.R.S. §§ 10-3-1115, 10-3-1116.

WHEREFORE, Ms. Vinnedge prays for judgment on her behalf for her economic losses, for statutory penalties provided by C.R.S. §§ 10-3-1115, 10-3-1116, and, for costs, for statutory and moratory interest as provided by statute and Colorado law, for attorney's fees, and any other relief authorized by law.

**JURY TRIAL DEMANDED**

Dated this 14th day of November 2019.

Respectfully submitted,
KLIBANER LAW FIRM P.C.


*s/ David A. Klibaner*
David A. Klibaner

Plaintiff's Address:
4123 Perry Street
Denver, CO 80212